UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



FILED
SEP 27 2012

*******************************************************************

| | |
|---|---|
| MARY E. PETERSON, | CIV 07-3005 |
| Plaintiff, | |
| -vs- | ORDER |
| DENNY KAEMINGK, TIM REISCH, DUANE RUSSELL, BRENDA HYDE, DR. BURON LINDBLOOM, DARCY McCLELLAND, NIKKI GOSSMAN, MELISSA SIMONS and JUDITH STOUT, | |
| Defendants. | |

*******************************************************************

## INTRODUCTION

Plaintiff, an inmate at the South Dakota Women's Prison, instituted this pro se action alleging defendants were deliberately indifferent to her serious medical needs. Her ability to prosecute this action has been hindered by her incarceration, often in solitary confinement, her mental health status, and a seemingly unending flow of substitute counsel. This matter is proceeding on an amended complaint filed by appointed counsel pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendment to the United States Constitution arising out of claimed failure to provide adequte medical care to plaintiff while incarcerated. Defendants have filed a motion for summary judgment based upon the merits and on qualified immunity.

# DECISION

The United States Court of Appeals has recently set forth the law concerning qualified immunity in the context of inmate Eighth Amendment claims succinctly and it bears repeating here.

> Qualified immunity shields government officials from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To determine whether the defendants are entitled to qualified immunity, we examine (1) whether the facts alleged or shown, construed in the light most favorable to [the plaintiff], establish a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would have known that her actions were unlawful. *See* Pearson v. Callahan, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). The defendants are entitled to qualified immunity unless the answer to both of these questions is yes. Krout [v. Goemmer], 583 F.3d [557], 564 [(8th Cir. 2009)].

McCaster v. Clausen, 684 F.3d 740, 746 (8th Cir. 2012).

It is well established that deliberate indifference to a inmate's serious medical needs constitutes the unnecessary and wanton infliction of pain which may amount to cruel and unusual punishment in violation of the Eighth Amendment. McCaster v. Clausen, *supra*, (*citing* Nelson v. Corr. Med. Servs., 583 F.3d 522, 531–32 (8th Cir. 2009) (en banc) (*citing* Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976))), and McRaven v. Sanders, 577 F.3d 974, 979 (8th Cir. 2009) (*quoting* Estelle v. Gamble, 429 U.S. at 104). Prison personnel who intentionally deny or delay access to medical care or intentionally interfere with the treatment once prescribed violate the Eighth Amendment. Holden v. Hirner, 663 F.3d 336, 342 (8th Cir. 2011).

To show that prison officials failed to provide adequate medical treatment, plaintiff must show that (1) she suffered from an objectively serious medical need, and

(2) defendants knew of the need yet deliberately disregarded it." Holden v. Hirner, 663 F.3d at 342. "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir.1997).

Plaintiff contends that she had and still has a serious medical need for spinal surgery. The undisputed material facts show that in 2003 plaintiff suffered a neck injury in a swimming accident resulting in a bulging disk in her cervical spine. In November 2005, she received an intake physical at the South Dakota Women's Prison from physician's assistant Darcy McClelland. At that time she reported occasional discomfort that did not restrict her daily activities.

Plaintiff saw Dr. Buron Lindbloom, the medical director at the South Dakota Women's Prison in July 2006. After reviewing the MRI taken in 2003, Dr. Lindbloom referred plaintiff to Dr. Gonzalo Sanches, Sr., a neurosurgeon in private practice in Pierre, South Dakota. Dr. Sanchez saw plaintiff in mid-October 2006 and ordered another MRI. Following that test, Dr. Sanchez recommended plaintiff wear a neck brace, take pain medication, and do neck-strengthening exercises.

Plaintiff again complained of neck pain to Darcy McClelland in December 2006. At subsequent appointments in April and July 2007, after plaintiff filed the instant suit, plaintiff told McClelland that the neck brace, pain medications, and exercises were not effective. Plaintiff also complained in 2007 about neck pain to Brenda Hyde, who was then associate warden but has since become warden. Dr. Lindboom referred plaintiff for a second appointment with Dr. Sanchez. On August 6, 2007, Dr. Sanchez recommended decompression and stabilization of the C5-6 space by surgical means and scheduled the surgery for the earliest available date, August 28, 2007. Plaintiff testified at her August 6, 2007, deposition that she had continued to complain of pain to Hyde and others and that her pain was worsening and she was experiencing numbness.

Medical services at the South Dakota Women's Prison are administered by Correctional Health Services, an agency of the South Dakota Department of Health. Dr. Lindbloom is employed by Correctional Health Services. Although not set forth in the South Dakota Department of Corrections Policy concerning medically necessary health care, the recommended off-site medical procedure was submitted for preauthorization review to Health Care Medical Technology, an organization that provides preauthorization review through a web site. Dr. Michael Rost, who was both the medical director of Health Care Medical Technology, Inc. and medical director of Correctional Health Services, denied preauthorization for the surgery recommended by Dr. Sanchez on the basis that the surgery was "medically acceptable, but not medically necessary."

Judith Stout, the clinical supervisor for the South Dakota Women's Prison, issued plaintiff a neck collar on August 24, 2007, in response to plaintiff's complaints of pain. Plaintiff saw Dr. Lindbloom again in September 2007, complaining of neck pain. Dr. Lindbloom referred plaintiff for a third MRI and a nerve conduction study. The MRI was conducted on January 29, 2008, in Pierre, while the nerve conduction studies were conducted in February 2008, in Rapid City, South Dakota by Dr. Steven Hata. The results of the MRI were not significantly different from the 2006 MRI. Dr. Hata recommended conservative management, physical therapy, and muscle relaxants to treat plaintiffs neck condition. Dr. Hata also recommended that she follow up with Dr. Sanchez. No follow up appointments were scheduled with Dr. Sanchez. Plaintiff underwent a fourth MRI (her third since incarceration) in Pierre, South Dakota, in January 2011. The radiologist's report shows worsening of the condition of her cervical spine. Dr. Lindbloom stated in an affidavit in support of defendants' motion for summary judgment that, as of his retirement on April 27, 2012, surgery for plaintiff's medical condition was not medically necessary.

There is no genuine issue of material fact that plaintiff suffers from a serious medical condition. There is also no genuine issue that plaintiff's cervical spine condition

4

has deteriorated over the years while she has been incarcerated. The question is whether defendants were, and continue to be, deliberately indifferent to her serious medical need.

> In the context of medical care, "[d]eliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed," but "a showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions."

Krout v. Goemmer, 583 F.3d 557, 567-68 (8th Cir. 2009) (*quoting* Pietrafeso v. Lawrence County, 452 F.3d 978, 983 (8th Cir.2006)). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials 'ignored an acute or escalating situation or that [these] delays adversely affected his prognosis.'" Holden v. Hirner, 663 F.3d at 342.

"Prison officials lacking medical expertise are entitled to rely on the opinions of medical staff regarding inmate diagnosis and the decision of whether to refer the inmate to outside doctors." Holden v. Hirner, 663 F.3d at 343. The prison's director of medical care did refer plaintiff to an outside doctor for treatment for her neck condition. That doctor recommended surgery. Defendants denied plaintiff surgery and elected instead to treat her condition with pain relievers and exercise. Plaintiff contends that the conservative treatment provided by defendants has not relieved her pain but has in fact resulted in deterioration of her phsycial condition.

"Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished." Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989) (*citing* Estelle v. Gamble, 429 U.S. at 103, 97 S.Ct. at 290). We know that

> total deprivation of care is not a necessary condition for finding a constitutional violation: "Grossly incompetent or inadequate care can [also] constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment." Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir.1990) (citations omitted). To state a claim based on "inadequate medical treatment . .. [t]he plaintiff

5

> 'must show more than negligence, more even than gross negligence, and **mere disagreement with treatment decisions does not rise to the level of a constitutional violation.**' " *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir.2006) (quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995)).

Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (emphasis supplied by the Court).

> A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation. In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment.

Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal citations omitted).

Plaintiff was diagnosed with a serious medical condition. The prison's treating physician referred her to a neurosurgeon who recommended surgery. Defendants declined to allow the surgery, after consultation online with a reviewing physician. Thereafter both the prison's treating physician and another neurosurgeon recommended continued conservative treatment for plaintiff's cervical spine condition and resulting pain. Plaintiff has not shown that the medical care she has received, or the denial of surgery, amounted to the level of a constitutional violation.

Defendants have shown that no genuine issue of material fact exists and that, as a matter of law, they have not been deliberately indifferent to plaintiff's serious medical need. Thus, defendants are entitled to qualified immunity. Summary judgment in favor of defendants is appropriate both on the merits and on the basis of qualified immunity.

## ORDER

Based upon the foregoing,

IT IS ORDERED that defendants' motion, Doc. 125, for summary judgment is granted.

It is further ORDERED, ADJUDGED AND DECREED that plaintiff's complaint is dismissed with prejudice and without costs.

Dated this 27th day of September, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J Goepke*
DEPUTY
(SEAL)